## WEISS et al. v. SCHWARTZ.

(Supreme Court, Appellate Term.   March 13, 1911.)

1. COURTS (§ 188*)—JURISDICTION—MUNICIPAL COURT.
    The Municipal Court of New York City can do no act that it is not particularly authorized to do by statute.
    [Ed. Note.—For other cases, see Courts, ·Cent. Dig. §§ 437–468;  Dec. Dig. § 188.*]

2. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—POWER TO ORDER RESTITUTION.
    The justices of the Municipal Court have no power to direct restitution of a sum collected under a judgment theretofore entered by them, not being authorized to do so by the Municipal Court act (Laws 1902, c. 580) ;  section 35 thereof applying only where jurisdiction is acquired by substituted service, and section 323, authorizing the appellate court to direct restitution where the judgment or final order is reversed or modified, not applying.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Morris Weiss and another against Barnet Schwartz. From a judgment directing plaintiffs to make restitution of an amount collected by them under a judgment against defendant, plaintiffs appeal.   Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Edward E. Hoenig, for appellants.

Abraham S. Schomer, for respondent.

SEABURY, J.   The plaintiffs sued to recover $41.80 upon an account stated.   The defendant answered by a general denial.   Upon the day set for trial the defendant failed to appear, and judgment by default was entered against him in favor of the plaintiffs.   Execution upon that judgment was duly issued, and resulted in the collection from the defendant of the full amount due under the judgment.   Thereafter the defendant moved to open his default.   This motion was granted upon condition that the judgment already entered should stand as security for any judgment which the plaintiffs might obtain.   The cause was then set for November 4, 1907, for trial. .Upon this date the plaintiffs failed to appear, and judgment was granted for the defendant, dismissing the complaint, "with leave to the plaintiffs to bring a new action."   Thereafter the defendant, upon affidavits, obtained an order to show cause why restitution of the amount which the plaintiffs had collected under the original judgment and execution should not be made.   The plaintiffs did not appear upon the return day of this motion.   The court below granted the motion, and made an order directing the plaintiffs to make restitution to the defendant of the amount which they had received under the judgment and execution referred to above.   This order also contained the following provision:

"Ordered, that this order of restitution be deemed a judgment of this court, and entered as such by the clerk of this court accordingly."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pursuant to the direction thus made, judgment was entered against the plaintiffs in favor of the defendant for the amount which the plaintiffs had collected. From the order and judgment so made the plaintiffs appeal to this court.

The Municipal Court of the City of New York is a court of purely statutory jurisdiction. It can only do those things which it is authorized by statute to do. If no statutory authority is conferred, authorizing it to do a particular act, it follows that it is without authority to act in the premises. Bearing this principle in mind, we have examined the provisions of the Municipal Court act to ascertain whether any authority is therein conferred upon justices of the Municipal Court to direct restitution, either by order or judgment, of a sum of money collected under a judgment theretofore entered. No such authority is conferred by the provisions of that act.

Section 35 of the Municipal Court act applies only to cases where jurisdiction is acquired by substituted service. Section 323 of the Municipal Court act authorizes the appellate court, where the judgment or final order is reversed or modified, to direct restitution. Neither of these sections authorize the action which was taken by the court below. It follows that the judgment and order appealed from must be reversed.

Judgment and order appealed from are reversed, with costs to the appellant. All concur.